Carpenter<br>v.<br>County<br>Commis-<br>sioners of<br>Bristol.

---

## LEMUEL KEITH *versus* THE CONGREGATIONAL PARISH IN EASTON.

Where the property of a parishioner was attached in an action against the parish, and, through his agency, receipted for to the attaching officer, and the plaintiff, having recovered judgment, delivered his execution to an officer, who thereupon notified to such parishioner, that he should proceed to levy on his property if the execution were not paid, and the parishioner paid the amount of the execution, it was *held*, that he might maintain an action therefor against the parish.

ASSUMPSIT for money paid, laid out and expended.

At the trial, before *Dewey* J., it appeared, that on Novem-

ber 6, 1837, an action was instituted against the defendants by Howard Lothrop ; that in that action the personal property of the present plaintiff, who was a member of the parish, was attached, and, through his agency, receipted for to the attaching officer ; that the action was duly entered by Lothrop, and judgment rendered in his favor for the sum of $715·87, debt, and for costs ; that execution was issued upon such judgment on January 6, 1838, and delivered to an officer to be levied upon the property of the inhabitants of the parish ; that on January 11, 1838, the officer notified to the present plaintiff, that he held such execution and should proceed to levy upon his property if the execution were not paid ; and that thereupon the plaintiff in this action paid to him the amount of the execution.

The defendants consented to be defaulted, reserving the question of the sufficiency of the evidence to sustain the action, for the consideration of the whole Court.

If in the opinion of the Court, the plaintiff in this action was entitled to recover, judgment was to be entered in his favor , otherwise the default was to be taken off, and a new trial ordered.

*Oct. 27th.*      *Lothrop* and *Coffin*, for the defendants.

*A. Bassett* and *Warren*, for the plaintiff.

*Oct. 29th.*      SHAW C. J. delivered the opinion of the Court.   Where one party pays money for another under a legal liability, as a surety or indorser, such liability is deemed a request in law, and the party paying may have an action against the principal, as for money paid at his request.   Where judgment is recovered against a parish, and execution issued, every parishioner is liable in his person and property to satisfy it.   His individual property may be taken for that purpose.   There is therefore much ground to maintain, that when a demand is made on a parishioner, by an officer, to satisfy an execution against the parish, he may pay it and maintain an action in his turn against the parish.

But it is not necessary to put the decision on this ground, because it appears, that the plaintiff's property was actually under attachment on mesne process for this debt.   For though the property has been receipted for, the officer could demand

Keith<br>v.<br>Cor.g.Parish<br>in Easton.

ıt of ıhe receipter, and he would be compelled to deliver it or pay the amount. It was still therefore potentially in the custody of the law. The result is, that the plaintiff was under actual coer ;ion, and was compelled to pay the debt to save his property from execution. It was in no sense a voluntary payment.

*Judgment on the default*